99c5830Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00C1748 | DATE | May 30, 2001 |
| CASE TITLE | Roofers' Union Pension Fund v. Evelyn Komes | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's Motion to Dismiss (doc. #21) and Plaintiff's Motion for Summary Judgment (doc. #24)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's Motion to Dismiss (doc. #21) is **DENIED**. Plaintiff's Motion for Summary Judgment (doc. #24) is **DENIED**. Status hearing set for 6/14/01 at 9:15 a.m.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUN 0 4 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | JUN 0 4 2001 docketing deputy initials | 27 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 5-31-01 date mailed notice | |
| JHC courtroom deputy's initials | | ED-7 FILED FOR DOCKETING 01 JUN -1 PM 5:03 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROOFERS' UNION PENSION FUND, et al.<br>Plaintiffs,<br><br>v.<br><br>EVELYN KOMES,<br>Defendant. | CAUSE NO. 00C1748<br><br>JUDGE HIBBLER |

**DOCKETED JUN 04 2001**

## MEMORANDUM AND OPINION

Plaintiffs, Roofers' Union Pension Fund, Roofers' Local 11 Reserve Fund, Roofers' Local 11 Apprenticeship and Training Fund, Roofers' Unions Welfare Trust Fund, and National Roofing Industry Pension Plan (collectively "Plaintiff") have brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a)(3), (g)(2), and 1145, against Evelyn Komes, individually and doing business as Economy Building and Maintenance. This Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 (e)(1) and (2). Plaintiffs claim that Defendant failed to maintain records as required by a collective bargaining agreement. Defendant filed a Motion to Dismiss the action (doc. #21) and Plaintiff filed a Motion for Summary Judgment (doc. #24). For the following reasons, this Court **DENIES** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Summary Judgment.

### BACKGROUND

Plaintiffs are various trust funds administered by Roofers' Union Local 11 ("Union") pursuant to a collective bargaining agreement ("CBA") between the Union and the Chicago Roofing Contractors Association. Defendants are Economy Building & Maintenance, a roofing contractor, and Evelyn Komes, the company's owner and principle record keeper.

1



The CBA gives Plaintiffs the right to access Defendants' records to perform audits for the purpose of determining whether an employer has made the proper contributions to the trust funds. Plaintiffs requested and received the daily time sheets for the years 1998 and 1999 from Defendants for the purpose of conducting an audit. However, Plaintiff did not submit the time sheets for 1997 because they had been destroyed in a flood. In belief that the time sheets were not adequate records to perform the audit and that Defendants were withholding information, Plaintiffs brought a complaint against Defendants for failure to cooperate with the audit in accordance with the CBA. In deposition pursuant to this complaint, Plaintiffs determined that Defendants had surrendered all available records. No other records were either kept or used to determine the proper contributions to the various trust funds. Plaintiffs then filed an amended complaint, contending that Defendants have not maintained adequate records in violation of Federal law. As a result, Plaintiff's First Amended Complaint asked for a permanent injunction requiring Defendants to maintain adequate records and costs. Defendants filed a motion to dismiss. Plaintiffs, in turn, have filed a motion for summary judgment.

## STANDARDS OF REVIEW

As there are no issues of material fact between the parties, it is appropriate for this Court to determine the relevant law and either dismiss or render summary judgment. For the reasons stated below, Defendants' motion to dismiss is **DENIED** and Plaintiffs' motion for summary judgment is also **DENIED.**

### A. Motion to Dismiss

A motion to dismiss should not be granted unless it appears beyond a reasonable doubt that Plaintiffs can prove no set of facts which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, all well-pleaded factual allegations

must be accepted as true, and all reasonable inferences drawn in a light most favorable to Plaintiff. *DiBenedetto v. City of Chicago*, 873 F. Supp. 106, 108 (N.D. Ill. 1994). This Court must construe those pleadings liberally in compliance with the notice pleading provision of the federal rules. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). However, this Court need not stretch the allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago*, 777 F. Supp. 1437, 1440 (N.D. Ill. 1991).

B. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts which are considered material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial." *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920-21 (7th Cir.

1994), nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

ANALYSIS

Whether Defendants have provided all available records to Plaintiff, or whether Defendants have made all required contributions to the trust funds is not at issue in this case. The legal issue before this Court is whether the time sheets kept by Defendants are adequate records under the relevant law. Defendants contend that they are only required to keep records that allow the trustee to determine the number of hours an employee has worked. Plaintiffs contend that Defendants are required to keep records that allow for an audit of the trust fund contributions in fulfillment of obligations placed on the trustees of such funds by federal law. After careful review of the legal arguments presented and the relevant law available, this Court finds that neither argument has merit and denies both motions.

A. Defendants' Motion to Dismiss

In their motion to dismiss, Defendants argue that they have fully complied with the statutory and contractual duty to maintain adequate records. Defendants claim that all that is required is for them to keep records sufficient to determine benefits due and furnish them to the plan trustee. Defendants claim that they have met this requirement by providing all time records in their possession. Plaintiffs counter that contrary to Defendants' assertions, they have failed to prepare, maintain, and produce for audit records which are specifically required by ERISA and the collective bargaining agreement. Plaintiffs claim that the relevant inquiry is whether Defendants have kept sufficient records to the extent that they will enable Plaintiffs' accountants to conduct a proper audit and determine compliance, or lack thereof. Under the liberal requirements of Rule 12(b)(6), this Court is of the opinion that Defendants' have failed to assert

4

that Plaintiffs can prove no set of facts which would entitle them to relief. Therefore, Defendants' Motion to Dismiss (doc. #21) is **DENIED**.

B. Plaintiff's Motion for Summary Judgment

Plaintiffs bring this action under 29 U.S.C. § 1132(a)(3), which allows a fiduciary to enjoin any practice that violates any provision of ERISA. Plaintiffs claim that Defendants have violated 29 U.S.C. § 1145. That statute requires every employer who is obligated to make contributions to a multi-employee plan under the terms of a collective bargain agreement to make such contributions in accordance with the terms and conditions of such agreement. As this statute governs contributions and not record keeping, it is not relevant to the issue at hand.

This Court finds that 29 U.S.C. § 1059(a)(1), which requires every employer to maintain records with respect to each of his employees sufficient to determine the benefits due in accordance with regulations prescribed by the Secretary, is the statute applicable to this case. The Supreme Court has interpreted this section to mean that employers are required "to maintain records on employees and to furnish to benefit plans the information needed for the plan's fulfillment of their reporting duties." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 573 (1985). The exact nature of the required information is found in 29 U.S.C. § 1027:

> Every person subject to a requirement to file any...report...shall maintain records on the matters of which disclosure is required which will provide in sufficient detail the necessary basic information and data from which the documents thus required may be verified, explained, or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions....

Therefore, the statutory structure requires the employer to submit verifiable information that can be checked for accuracy and completeness to the trust funds.

5

Plaintiffs rely on *Combs v. King*, 764 F.2d 818, 824 (11th Cir. 1985), to support their assertion that Defendants violated ERISA by failing to maintain adequate records. In *Combs*, the Eleventh Circuit relied on 29 U.S.C. § 1027, a precursor of ERISA, and found that records including, but not limited to, "journals, ledgers, checks, invoices, bank statements, contracts, agreements, vouchers, worksheets, receipts, claim records and payrolls" should be maintained and that the subsequent enactment of ERISA did not change these requirements. *Id.* at 824. However, Plaintiffs' reliance on *Combs* is misplaced. The Seventh Circuit has expressly rejected granting summary judgment in a trust fund's favor where an employer's testimony raises a genuine issue of material fact. In *Illinois. Conference of Teamsters v. Gilbert Trucking*, 71 F.3d 1361 (7th Cir. 1995), the Seventh Circuit distinguished the factual scenario in *Combs*, where the employer filed a motion for summary judgment, from instances such as this case, where the fund seeks summary judgment. "*Combs* held that if a trust fund has proved that the employer is liable for delinquent contributions and that the employer has failed to keep adequate records, the burden shifts to the employer to come forward with evidence that the funds' calculations of damages are not accurate."[1] *Id.* 71 F.3d at 1367. However, *Combs*, does not stand for the proposition that "an employer's failure to maintain adequate records compels summary judgment against it." *Id.* In fact, Defendants' failure to come forward with documentary evidence to oppose Plaintiff's summary judgment motion is not fatal at this stage of the proceedings. *Id.* What is relevant at this juncture is that Defendant Komes' affidavit asserts facts that would cast doubt upon the accuracy of Plaintiffs' assertions. In her affidavit, Defendant Komes claims that she completed a joint report of payments for the pension and welfare funds and promptly delivered them to Plaintiffs; she maintained separate daily time sheets for each employee; each

---

[1] The Seventh Circuit expressly rejected the burden-shifting approach adopted in *Combs*. *Gilbert Trucking*, 71 F.3d at 1367.

month, she summarized each time sheet and sent a compiled report of payments to Plaintiffs; and she produced all records, which she possessed, to Plaintiffs. A reasonable factfinder could conclude that Defendants maintained adequate records based on the facts before this Court. Accordingly, Plaintiff's motion for summary judgment (doc. #24) is **DENIED**.

## CONCLUSION

For all of the above reasons, Defendants' motion to dismiss (doc. #21) is **DENIED**. Plaintiffs' motion for summary judgment (doc. #24) and requests for permanent injunction and costs is **DENIED**.

**IT IS SO ORDERED.**
**MAY 30, 2001**

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE